UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCIS KNUETTEL II,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AQUA METALS, INC.,<br><br>　　　　Defendant. | Case No. 19-cv-02920-EMC<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Docket No. 20 |

Francis Knuettel II ("Plaintiff" or "Mr. Knuettel") has filed suit against his former employer, Aqua Metals, Inc. ("Defendant" or "Aqua Metals") alleging breach of his employment contract. Mr. Knuettel contends that he is entitled to severance because of the circumstances that led to his resignation; Aqua Metals has refused to provide severance. Aqua Metals moved for summary judgment.

The key question is essentially whether the actions taken by Aqua Metals' CEO (regarding the supervision of one or more members of Defendant's IT Department) constituted a "significant reduction" in Plaintiff's responsibilities as Chief Financial Officer of Aqua Metals. If so, Aqua Metals would be required to comply with the severance provisions of Mr. Knuettel's employment agreement, and its failure to do so would constitute a breach of contract. Whether a significant reduction occurred depends, *inter alia*, on the nature of Plaintiff's job duties initially, the importance of the IT Department, how much time Mr. Knuettel spent supervising the IT Department, the parameters of the change in his responsibilities, and the ultimate question whether that change rises to the level of being significant within the meaning of his contract. Because genuine issues of material fact exist as to several aspects of Plaintiff's claim, the Court finds that

summary judgment would be inappropriate.  There is sufficient evidence on which a jury could reasonably find in Mr. Knuettel's favor.  For instance, Mr. Knuettel testified that supervising the IT Department took up approximately 25-50% of his time.  Deposition of Francis Knuettel ("Knuettel Depo.") at 64–66, Docket No. 32-1, Exh. C.  There is also evidence that the IT Department played a critical role at Aqua Metals: it dealt with security issues and financial audits, was responsible for moving the company from Alameda to its new office in Reno, and it managed the company's IT infrastructure and lab equipment.  *See* Knuettel Depo. at 58; Deposition of Steve Cotton ("Cotton Depo.") at 58–59, Docket No. 32-1, Exh. E.  Aqua Metals' CEO also testified that he used to manage the IT Department (when he was Chief Commercial Officer of Aqua Metals), Cotton Depo. at 98–99, and that if someone had removed supervision of IT functions from his responsibilities at the time, he "could have quit for good reason," *id.* at 32, thereby triggering entitlement to severance benefits.  Mr. Cotton testified that the responsibilities of the IT Department at the time he was CCO were largely the same as when Plaintiff was the Department's supervisor.  *Id.* at 98–99.

Accordingly, the Court **DENIES** Defendant's Motion for Summary Judgment.

This order disposes of Docket No. 20.

**IT IS SO ORDERED**.

Dated: April 13, 2020

EDWARD M. CHEN
United States District Judge